# THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICKEY WILLIAMS, )<br>)<br>      **Plaintiff,** )<br>)<br>      v. )<br>)<br>THE CITY OF CHICAGO, Commander )<br>GLENN EVANS, Officer T. MUELLER, )<br>JOSE SANCHEZ, Officer K. JOHNSON, )<br>Officer B. BRATTON, Officer MURPHY )<br>RAYL, Officer NANCY PIEKARSKI- )<br>BLOCK, Officer JONATHAN )<br>CHIBICKI, and JOHN DOE OFFICERS )<br>1-20, )<br>)<br>      **Defendants.** ) | Case No. 14 C 6959<br><br>Judge Jorge L. Alonso |

## MEMORANDUM OPINION AND ORDER

In this civil rights action under 42 U.S.C. § 1983, plaintiff, Rickey Williams, has moved for leave to file a third amended complaint. For the following reasons, the motion is granted.

## BACKGROUND

In the second amended complaint (ECF No. 54), plaintiff alleges that on January 30, 2013, a number of police officers followed him into an abandoned house and, without cause or provocation, grabbed and assaulted him while asking him where he "put the guns." (2d Am. Compl. ¶¶ 17-19.) According to plaintiff, he never resisted arrest or threatened harm, and he insisted that he did not know where any guns were located, but the police officers continued to beat and threaten him; Commander Evans even thrust his service revolver into plaintiff's mouth and threatened to kill him. (*Id.* ¶¶ 20-30.) Based on these allegations, plaintiff claims that the officers used excessive force in violation of his Fourth Amendment rights and failed to intervene

to stop other officers' use of excessive force.[1]  Although plaintiff names seven individual police officers in the caption of the complaint in addition to Commander Evans, he also names "John Does 1-20," and in the body of the complaint he does not ascribe particular actions to particular named defendants other than Commander Evans; any particular actions other than those of Commander Evans are attributed only to John Doe defendants.

Plaintiff seeks leave to file a third amended complaint, which, if allowed, will change the allegations of the operative complaint in three ways.  First, it will delete Nancy Piekarski-Block as a defendant, as discovery has shown that she was not involved in the January 30, 2013 incident; there is no objection to this portion of plaintiff's motion.  Second, the proposed third amended complaint will name as a defendant Officer Ruben Sanchez, who was not originally named because plaintiff believed that he and defendant Jose Sanchez were the same person. Plaintiff recognizes that the time to bring claims arising out of the January 30, 2013 incident against new defendants has expired under the applicable two-year statute of limitations, but he argues that his claim against Ruben Sanchez should relate back to the original complaint, which was timely filed.  Third, the proposed third amended complaint will clarify that actions ascribed to John Doe defendants were taken by two or more of the seven individual defendants other than Commander Evans (hereinafter, "the individual officer defendants"), although plaintiff does not precisely state which defendant performed which actions.  Thus, for example, like the second amended complaint, the proposed third amended complaint contains allegations that "John Doe Officer 1" slammed plaintiff's head on the ground, and "John Doe Officer 2 . . . aggressively grabbed, pushed, and/or battered" plaintiff. (Proposed 3d Am. Compl. ¶¶ 21, 23-24, ECF No. 155-1.)  But in the proposed third amended complaint, unlike in the second amended complaint,

---

[1] Plaintiff also makes claims against the City of Chicago for ratification of the officers' actions and maintaining a custom, policy, and practice of using excessive force against suspects, but the present motion for leave to amend does not directly involve those claims.

plaintiff additionally alleges that John Doe Officers 1 and 2 are two of the seven individual officer defendants, although he does not specifically identify them. (*See id.* ¶¶ 22, 25.)

Defendants respond that leave to amend should be denied because the proposed amendment would be futile based on the applicable statute of limitations. Defendants argue that plaintiff's claim against Ruben Sanchez does not relate back because there is no reason plaintiff could not have named him within the statute of limitations period except that he did not know Ruben's identity, which is not the sort of "mistake" concerning identity that permits relation back under Federal Rule of Civil Procedure 15. Further, defendants argue that plaintiff is essentially seeking to assert claims against the other individual officer defendants for the first time, and these claims do not relate back either. Although plaintiff named these defendants in the caption of earlier complaints, he did not make any allegations of misconduct against them specifically; he made particularized allegations of misconduct only against unidentified John Doe defendants. Plaintiff's claims against these defendants too, they argue, are barred by the applicable statute of limitations and do not relate back to the original complaint because there was no mistake concerning identity that prevented plaintiff from being more specific in earlier pleadings.

## ANALYSIS

"Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). However, district courts "have broad discretion to deny leave to amend . . . where the amendment would be futile." *Gonzalez-Koeneke*, 791 F.3d at 807. A proposed amendment is futile to the extent it is sought in order to assert time-barred claims. *See Weisskopf v. Marcus*, No. 16 CV 6381, 2017 WL 1196953, at *4

(N.D. Ill. Mar. 31, 2017). But Rule 15 permits an amendment to a pleading to relate back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) ***knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity***.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

Defendants argue that "[t]he Seventh Circuit has 'repeatedly reiterated that relation back on grounds of mistake concerning the identity of the proper party does not apply where the plaintiff simply lacks knowledge of the proper defendant.'"[2] *Terry v. Chi. Police Dep't*, 200 F. Supp. 3d 719, 724 (N.D. Ill. 2016) (quoting *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) (internal quotation marks omitted)). But some courts in this district have held that the United States Supreme Court undermined this so-called "John Doe rule" in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548-50 (2010), in which the Court explained that relation back "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading," *id.* at 541. *See, e.g., Clair v. Cook Cty.*, No. 16 C 1334, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017) (citing *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011)). These courts reason

---

[2] Defendants also argue that, because earlier versions of plaintiff's complaint effectively did not assert any claims against the individual defendants at all, the amendment also fails to satisfy Rule 15(c)(1)(B), which requires the amendment to assert "a claim or defense that arose out of the conduct, transaction or occurrence set out . . . in the original pleading." But defendants cite no cases to support this argument, and the Court fails to see any way in which the proposed third amended complaint is based on a different transaction or occurrence. The only change is to "the party or the naming of the party against whom a claim is asserted," so relation back turns on Rule 15(c)(1)(C) and its subsections; Rule 15(c)(1)(B) presents no obstacle to the proposed amendment.

4

that, by focusing the inquiry on what the defendant to be added knew or should have known, *Krupski* makes the issue of whether Rule 15(c)(1)(C)(ii) is satisfied unfit for resolution at the pleading stage, given that the question of what a defendant knew or should have known "cannot . . . be answered on the pleadings." *Klinger v. City of Chi.*, No. 15-CV-1609, 2017 WL 736895, at *6 (N.D. Ill. Feb. 24, 2017); *see Clair*, 2017 WL 1355879, at *4.

This Court agrees with the reasoning of *Clair*, *Klinger*, and like decisions. Although *Krupski* did not directly address the "John Doe rule," it "'cut the ground out from under'" it. *See White v. City of Chi.*, No. 14 CV 3720, 2016 WL 4270152, at *16 (N.D. Ill. Aug. 15, 2016) (quoting *Joseph*, 638 F.3d at 559). The Court must "await[] . . . a more developed record," *Ryan v. City of Chicago*, No. 15 C 9762, 2016 WL 6582570, at *2 (N.D. Ill. Nov. 7, 2016), which will reveal what the defendants knew or should have known and when they knew it, before ruling on the statute of limitations issues defendants have raised in their response briefs. Plaintiff's motion for leave to amend is granted.

## CONCLUSION

For the reasons set forth above, the Court grants plaintiff's motion for leave to a file third amended complaint [115]. Status hearing remains set for May 31, 2017 at 9:30 a.m.

**SO ORDERED.**

                                                  **ENTERED:** April 28, 2017

                                                  **HON. JORGE L. ALONSO**
                                                  **United States District Judge**