**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICKEY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 6959 |
| | ) | |
| v. | ) | Hon. Daniel G. Martin |
| | ) | |
| THE CITY OF CHICAGO, a Municipal Corporation; | ) ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO ENFORCE SETTLEMENT**

NOW COMES the Plaintiff, RICKEY WILLIAMS, by and through his attorneys, and for Plaintiff's Motion to Enforce Settlement against Defendant, CITY OF CHICAGO, states as follows:

1. On September 9, 2014, Plaintiff Rickey Williams filed a five-count civil action against Defendant City of Chicago and Commander Glenn Evans for alleged misconduct that occurred on January 30, 2013. Plaintiff alleged, among other things, that Commander Glenn Evans shoved a gun into his mouth (so deep it touched his throat), stuck a taser near his groin area, made threats to kill Plaintiff, and threats to send Plaintiff away to jail for a "long time" for trumped up gun charges. [Dkt. 1, p. 3.]

2. On January 8, 2018, the parties had a settlement conference before Honorable Daniel G. Martin, whereby the parties agreed to settle all of Plaintiff's claims arising out of the January 30, 2013 incident for One Hundred Thousand Dollars ($100,000).

3. During the settlement conference, upon instruction from Judge Martin, Defendant City of Chicago, agreed to provide the Release to Plaintiff within days, and promises were also

made to Plaintiff that the settlement funds would be provided as soon as possible and without delay.

4. After the settlement conference, Plaintiff's counsel followed up with Defendant City of Chicago regarding status of the release and settlement agreement.

5. On January 17, 2018, Counsel for Defendant City of Chicago forwarded the Defendant City's Release and Settlement Agreement to Plaintiff's counsel, and stated that Defense counsel "cannot sign the documents on behalf of the City, and the process cannot move forward, until ALL of the non-City defendants are dismissed". [Exhibit 1.]

6. On January 23, 2018, Defendant John Does 1-20 were voluntarily dismissed. [Dkt. 167.]

7. On January 24, 2018, all named Defendant Officers, including Glenn Evans, were dismissed with prejudice. [Dkt. 168.]

8. On January 18, 2018, Plaintiff's counsel forwarded Defendant City's counsel a redlined edited version of Defendant City of Chicago's Release and Settlement Agreement incorporating a few minor edits. [Exhibit 2.]

9. Plaintiff's counsel's primary issue with Defendant's release was that it was too vague as to which claims were being released and appeared to be a general release that may limit Plaintiff from filing future unrelated claims against the City of Chicago should they arise. For example, in paragraph 8, the release stated:

> …Plaintiff does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he had or has against the City of Chicago, and its future, current, or former officers, agents and employees, including but not limited to all claims he had, has, or may have in the future…

10. Plaintiff's edits sought to simply specify that the release was for any and all claims arising out of the January 30, 2013 incident, the basis for the litigation.

11. Plaintiff also had issues with arbitrary deadlines set to the release of funds. Specifically, paragraph 6 of Defendant's release stated that Plaintiff would receive funds <u>within 60 days</u> after the Defendant City was dismissed with prejudice and all documents marked confidential were returned or destroyed. Plaintiff agreed to a timetable to destroy documents marked confidential (even though many of these documents would not be considered confidential under the law) so long as the destruction of these documents was not tied to the release of funds. An additional 60 day delay was directly at odds with the agreement reached between the parties at the settlement conference and the express promises of an expeditious distribution of funds made to Plaintiff.

12. On January 31, 2018, Plaintiff's counsel emailed Defendant City's counsel asking whether Defendant had any objections. [Exhibit 2.]

13. On February 1, 2018, the parties conferred regarding Plaintiff's proposed edits to the release.

14. On February 14, 2018, Plaintiff's counsel emailed Defendant City's counsel an updated release attempting to alleviate some of Defendant's issues with Plaintiff's edits to the Release and Settlement Agreement. [Exhibit 3.]

15. On February 21, 2018, Plaintiff's counsel followed up with Defense Counsel on their review of Plaintiff's release, emphasizing that the language in the edited release was boilerplate and to "please advise [their client] of discussions at mediation regarding speedy payment of settlement." Plaintiff's counsel also asked Defense counsel to: "Please have City begin preparing [settlement] check now so once release is signed there is no additional delay." [Exhibit 3.]

16. On February 23, 2018, Defendant objected to Plaintiff's minor edits specifying that the release was for all claims arising out of the January 30, 2013 incident because "Plaintiff doesn't need the additional language" and the other changes were "unnecessary." [Exhibit 4.]

17. Defendant City acknowledged that Plaintiff's edits were not making any substantive changes to the release yet continued to refuse to include the edits insisting on a general release and further unnecessary delays.

18. Defendant City has also refused to begin preparing the settlement funds as the parties work out the release despite Honorable Martin's instruction at the settlement conference and Defendant's promise to issue settlement funds as quick as possible.

19. Plaintiff has been forced to suffer harm as a result of the excessive delay in the execution of the settlement and settlement funds, including the additional Court appearance required by the presentation of this Motion.

WHEREFORE, the Plaintiff, RICKEY WILLIAMS, respectfully requests that this Honorable Court Order the Defendant, CITY OF CHICAGO, to enforce the execution of the settlement/agreement entered into between the parties on January 8, 2018, assess attorneys' fees and costs for the excessive delay in the receipt of the proceeds of the settlement agreement, and for other appropriate relief.

                                                     Respectfully Submitted,
                                                     ROMANUCCI & BLANDIN, LLC

                                                     _____/s/ Martin D. Gould_____
                                                         Attorney for Plaintiff

Antonio M. Romanucci
Martin D. Gould
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
(312) 458-1000

4

(312) 458-1004 *facsimile*
Firm No. 35875
aromanucci@rblaw.net
mgould@rblaw.net